Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4944 | **DATE** | 11/22/11 |
| **CASE TITLE** | Welsh v. Discover Financial Services | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss for Failure to Prosecute [54, 55] is granted. This case is dismissed with prejudice. Pretrial conference set for 12/1/11 at 1:30 p.m. and jury trial set for 12/5/11 at 9:00 a.m. is vacated. Plaintiff is ordered to comply with Judge Valdez's April 26, 2011 Order, ordering Plaintiff to pay Discover Financial Services's costs in the amount of $525.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Defendant, Discover Financial Services ("DFS"), has filed a Motion to Dismiss for Failure to Prosecute [54, 55], pursuant to Federal Rule of Civil Procedure 41(b), following Plaintiff's repeated failures to prosecute this case and noncompliance with the Orders of this Court and Judge Valdez. DFS noticed its Motion for November 10, 2010. Plaintiff failed to appear at this status hearing regarding DFS's Motion and has not filed a response.

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Local Rule 41.1 provides that, "An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court." Under Federal Rule of Civil Procedure 41(b), a dismissal for want of prosecution is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003).

The standards for dismissal under Rule 41(b) and Local Rule 41.1 have been met here. Plaintiff initiated this employment discrimination action by filing her *pro se* complaint on August 12, 2009. On February 4, 2010, Plaintiff's counsel filed an appearance. Between August 12, 2009, and March 2010, Plaintiff failed to appear at four status conferences before this Court. On March 24, 2010, the Court entered an Order, dismissing Plaintiff's case for want of prosecution. (Dkt. No. 18.) Thereafter, Plaintiff filed a Motion to Vacate the Court's Order; and the Court reinstated Plaintiff's case on June 17, 2010, with a strict admonishment to comply with the federal rules and the orders of this Court. (Dkt. No. 36.)

| STATEMENT |
|---|

Plaintiff thereafter made no effort to prosecute her case. During the discovery period, DFS served Plaintiff with written discovery requests. After Plaintiff's failure to respond, DFS filed a Motion to Compel on April 13, 2011, which was referred to Magistrate Judge Valdez. On April 26, 2011, Plaintiff failed to appear at the status hearing set by Judge Valdez regarding DFS's Motion. (Dkt. No. 52.) Judge Valdez ordered Plaintiff to respond to discovery and to pay DFS's costs ($525) associated with DFS's filing of the motion.

Following Judge Valdez's Order, DFS states that Plaintiff's counsel contacted counsel for DFS and indicated that Plaintiff was no longer interested in pursuing her claims against DFS and that she was willing to voluntarily dismiss the lawsuit if DFS would agree not to pursue the Court's order awarding costs. DFS agreed to Plaintiff's proposal and drafted an agreed Stipulation of Voluntary Dismissal for Plaintiff's consideration. Federal Rule of Civil Procedure 41(a)(1) states that the "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." DFS provided instructions to Plaintiff's counsel that he must file the Stipulation.

Plaintiff's counsel thereafter failed to file the Stipulation of Voluntary Dismissal. DFS has attached correspondence, demonstrating that it contacted Plaintiff's counsel regarding filing the Stipulation of Voluntary Dismissal at least sixteen times. (Dkt. No. 54.) DFS states that although Plaintiff's counsel has provided assurances that "the dismissal is in the mail," he has refused to take any of the necessary actions to have this matter dismissed by the Court.

Pursuant to Federal Rule of Civil Procedure 41(b), on November 4, 2011, DFS filed the instant Motion to Dismiss for Failure to Prosecute and noticed the Motion to be heard on November 10, 2011. Plaintiff's counsel failed to appear at this status hearing.

The Seventh Circuit has explained that a motion for involuntary dismissal filed pursuant to Rule 41(b) may be granted with prejudice:

> Once a plaintiff has gone beyond a failure to serve and has also failed to adhere to the orders of the court, the situation may transform itself from a simple failure to obtain service to a failure to prosecute the action. Rule 41(b) specifically grants a court authority to dismiss with prejudice. It is a drastic remedy, which should never be lightly imposed, but that is not to say that to impose such an order is beyond the authority of the court.

*O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000). Dismissing this case with prejudice pursuant to Rule 41(b) is the appropriate remedy in light of Plaintiff's pattern of failing to appear at status conferences before this Court and Judge Valdez; failing to comply with the Orders of this Court and Judge Valdez; failing to make any reasonable effort at prosecuting the case; and failing to file a Stipulation of Voluntary Dismissal. DFS has expended time and resources defending this case and has been prejudiced by Plaintiff's failure to prosecute this case.

Defendant's Motion to Dismiss for Failure to Prosecute [54, 55] is granted. This case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Pretrial conference set for 12/1/11 at 1:30 p.m. and jury trial set for 12/5/11 at 9:00 a.m. is vacated. Plaintiff is ordered to comply with Judge Valdez's April 26, 2011 Order, ordering Plaintiff to pay DFS's costs in the amount of $525.